CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
DEC 20 2011
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| ROBERT A. TRUSSELL, ) | Civil Action No. 7:11-cv-00593 |
|     Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| KELLY HAIRSON, et al., ) | By: Hon. Jackson L. Kiser |
|     Defendants. ) | Senior United States District Judge |

Robert A. Trussell, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as defendants Kelly Hairson and Nicole Linamen. This matter is before me for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, I dismiss the complaint without prejudice as frivolous.

Plaintiff alleges the following facts in his complaint:

> [On] Jun[e] 29[,] 2005[,] Kelly Ha[i]rson let Nicole Linamen know of what's going on in my file and I have the stuff to let haer [sic] the [Treatment Programs Supervisor] at that time know what's going on and she do stuff in I.C.C. that with this and how come almatters [sic] is how it is, [b]ut she plays it off and no worlds are on that matter like it's going be hid [sic] and now they have gone to a new set[t]ing in I.C.C. to I.C.A. trying to run out on law that's not right in my file when I was at Buckingham [Correctional Center] in 1983.

(Compl. 4.)

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Although I liberally construe pro se complaints, Haines v.

Kerner, 404 U.S. 519, 520-21 (1972), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of the complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

Plaintiff's complaint is frivolous because it does not attempt to describe any constitutional claim. Plaintiff fails to coherently identify how the defendants relate to him or his constitutional rights. Although I may liberally construe a pro se complaint, nothing in the complaint provides any insight for what plaintiff seeks relief. Accordingly, I dismiss the complaint without prejudice as frivolous and deny as moot his motion for leave to proceed in forma pauperis.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

ENTER: This 20th day of December, 2011.

/s/ Jackson L. Kiser
Senior United States District Judge